UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACOB FAY LUKE, SR. | CIVIL ACTION |
| VERSUS | NO. 19-11942 |
| SOCIAL SECURITY OFFICES | SECTION "T" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff, Jacob Fay Luke, Sr., is a prisoner currently incarcerated in the Terrebonne Parish Criminal Justice Complex in Houma, Louisiana. He filed this complaint pro se and in forma pauperis on a "Form to Be Used by a Prisoner in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983" ("Section 1983"). The named defendant is the "Social Security Office of Terrebonne Parish . . . Manager/Supervisor at Terrebonne Parish Social Security Office" in Houma. Record Doc. No. 5 at p. 1. Luke alleges generally that he was denied Medicare health insurance and Social Security disability benefits for himself and his four children after sustaining injuries during a shakedown of his dormitory in the Terrebonne Parish Criminal Justice Complex on May 3, 2016. Record Doc. No. 5-1 at p. 7. Plaintiff claims that his injuries have rendered him disabled based on his impairments of depression and nerve damage. Id. at pp. 7–8. He further alleges that his injuries have denied him the rights to earn money while incarcerated, participate in work release programs and/or obtain a transfer to a halfway house. Id. at p. 7. Plaintiff seeks back pay for the period that he was unable to work while incarcerated, and Medicare and Social Security disability benefits for himself and his four sons dating back to his alleged disability onset date of May 3, 2016. Id. at pp. 7–8.

## **ANALYSIS**

I.    STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous, malicious or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore, 976 F.2d at 269. A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

Duplicative and repetitive lawsuits are malicious for purposes of 28 U.S.C. § 1915(e)(2)(B)(i) and must be dismissed for that reason. Potts v. Texas, 2009 WL 3806073, at *1 (5th Cir. Nov. 13, 2009) (citing Pittman v. Moore, 980 F.2d 994, 994–95 (5th Cir. 1993); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)).

> Courts may appropriately dismiss an in forma pauperis action as frivolous, when the action "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the in forma pauperis plaintiff." . . . In Pittman, the Fifth Circuit Court of Appeals noted that Wilson [v. Lynaugh] "essentially held that pauper status does not entitle a plaintiff to avoid the ordinary rules of res judicata." The Circuit then agreed that a complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff." Reading Pittman and Wilson in conjunction, it is clear that the Court may dismiss an action as malicious when the complaint raises claims that would be barred by the principles of res judicata, whether or not the prior litigation has ended unsuccessfully for the plaintiff.
> It is well-settled that "res judicata bars all claims that were brought or could have been brought based on the operative factual nucleus." A complaint is thus malicious when it "duplicates allegations of another pending federal

lawsuit by the same plaintiff" or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation.

McGill v. Juanita Kraft Postal Serv., 2003 WL 21355439, at *1–2 (N.D. Tex. June 6, 2003) (quoting Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989); Pittman, 980 F.2d at 994, 994-95; Ellis v. American Express Life Ins. Co., 211 F.3d 935, 938 n.1 (5th Cir. 2000)), report & recommendation adopted, 2003 WL 21467745 (N.D. Tex. June 18, 2003); accord Parker v. Fort Worth Police Dep't, 980 F.2d 1023, 1026 (5th Cir. 1993).

In this case, plaintiff's Section 1983 complaint, construed broadly,[1] must be dismissed under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) as malicious, legally frivolous and/or for failure to state a claim on which relief may be granted.

## II.  EXCESSIVE FORCE CLAIM

Construed broadly, plaintiff's complaint alleges generally that the force used by Officer Scott Robinson in conducting the dormitory shakedown at Terrebonne Parish Criminal Justice Complex was excessive and that his resulting injuries rendered him disabled and unable to work or earn a living while in and out of prison. Plaintiff previously filed a Section 1983 lawsuit in this court on May 9, 2016, alleging in part that Officer Robinson used excessive force during the above-mentioned shakedown incident and seeking monetary damages for the injuries he sustained. Luke v. Capt. Beagron et al., C.A. 16-13461 (E.D. La. May 9, 2016). Plaintiff's excessive force claim against Officer Robinson in the previous

---

[1] The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011), cert. denied, 132 S. Ct. 1746 (2012) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

lawsuit was dismissed with prejudice on summary judgment on November 9, 2017, judgment was entered on that same date, and Luke did not appeal. Id. at Record Doc. Nos. 57, 59.

To the extent that plaintiff seeks to relitigate his excessive force claim against Officer Robinson in the instant matter, this claim arises out of the same May 3, 2016 dormitory shakedown incident that already has been unsuccessfully litigated by plaintiff in his previous lawsuit. Accordingly, plaintiff's excessive force claim is duplicative of his previous lawsuit, barred by the principles of res judicata and must be dismissed as malicious under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

### III. SOCIAL SECURITY DISABILITY AND MEDICARE CLAIMS

Plaintiff also alleges that his impairments of depression and nerve damage rendered him disabled from the May 3, 2016 shakedown incident to the present and seeks judicial review of his denial of Medicare health insurance and Social Security disability benefits for himself and his children for this period of disability. Plaintiff appears to allege that neither he nor his children ever received disability benefits or Medicare in the past and seeks to initiate his disability and Medicare claims in this court through the filing of the instant Section 1983 lawsuit.

Under the Social Security Act, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g)

(emphasis added). A disability benefits claimant must complete a series of administrative steps <u>before</u> seeking judicial review of his claim. 20 C.F.R. § 404.900. The first step requires filing a claim and submitting appropriate evidence of the alleged disability to the Social Security Administration. 20 C.F.R. § 422.130. If the claim is unsuccessful, the claimant may request reconsideration of his claim. 20 C.F.R. § 422.140. If the request for reconsideration is unsuccessful, the claimant may request a hearing before an Administrative Law Judge within 60 days of receipt of the notice of the reconsidered determination. 20 C.F.R. § 422.203. If the claim is denied at the hearing level, the claimant may request review of his claim by the Appeals Council. 20 C.F.R. § 422.205. Once the Appeals Council issues its decision, the decision becomes the Commissioner's final decision for purposes of judicial review. 20 C.F.R. § 404.900. If the claim is denied by the Appeals Council, the claimant may seek judicial review of the Commissioner's final decision in the district court of the United States for the judicial district in which the claimant resides. 20 C.F.R. § 422.210.

To the extent plaintiff seeks to initiate a claim for disability benefits for himself and/or his children in this Section 1983 lawsuit, this court lacks jurisdiction over plaintiff's disability claim because he has not met the requirements of 42 U.S.C. § 405(g) that administrative remedies be exhausted <u>before</u> a claimant requests judicial review of his claim via civil action. Specifically, plaintiff has not alleged that he received a <u>final decision</u> of the Commissioner of the Social Security Administration as to his alleged disabilities.

To the extent plaintiff alleges that he has been deprived of his right to disability benefits while in prison, he does not have a constitutional right to Social Security benefits

while incarcerated. Thornton v. Comm'r of Soc. Sec., 2016 WL 1254617, at *1 (W.D. La. Mar. 10, 2016), report and recommendation adopted, 2016 WL 1305735 (W.D. La. Mar. 30, 2016) (Social Security claimant cannot receive disability benefits while incarcerated); Moomey v. Nevorro, 2018 WL 3093508, at *3 (E.D. Mo. June 22, 2018) (disability benefits generally not payable for the months that an inmate is confined to jail, prison or public institutions for committing a crime); Davis v. Bowen, 825 F.2d 799 (4th Cir. 1987) (suspension of disability and retirement benefits for incarcerated felons does not violate an inmate's due process or equal protection rights); Peeler v. Heckler, 781 F.2d 649 (8th Cir. 1986) (suspension of disability benefits to incarcerated felons does not constitute "punishment" such that the ex post facto clause is violated); Langella v. Government of U.S., 6 Fed. App'x 116, 2001 WL 431509 (2nd Cir. 2001) (suspension of Social Security benefits during incarceration does not violate either due process or equal protection); Wiley v. Bowen, 824 F.2d 1120 (D.C. Cir. 1987) (suspension of recipient's retirement payments pursuant to amendment prohibiting incarcerated felons from receiving benefits was not punishment, and thus, was not ex post facto law).

Because plaintiff has failed to exhaust his administrative remedies and alleges no violation of a specific constitutional right, his claim for Social Security disability benefits for himself and/or his children must be dismissed as legally frivolous and/or for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

Plaintiff's claim for Medicare also must be dismissed. Medicare provides health insurance for persons age 65 and older and <u>persons under 65 who have been entitled to Social Security disability benefits at least 24 months</u>. 42 U.S.C. § 1395c. Plaintiff's complaint indicates that he presently is 31 years old. Record Doc. No. 5-1 at p. 7. As stated above, plaintiff has not alleged that he received Social Security disability benefits for himself and/or his children at any point in the past, much less for 24 months, and improperly seeks to initiate his claim for disability benefits in this court without having exhausted the requisite administrative remedies. Because plaintiff is under 65 years old and has not been deemed entitled for Social Security disability benefits for at least 24 months, he is not eligible to receive Medicare benefits.

To the extent that plaintiff alleges that he has been denied the right to Medicare while incarcerated, prison officials are obligated under the Eighth Amendment to provide prisoners with adequate medical care, regardless of whether the medical care is provided by governmental employees or by private medical staff under contract with the government. <u>Estelle v. Gamble</u>, 429 U.S. 97, 103 (1976); <u>West v. Atkins</u>, 487 U.S. 42, 57–58 (1988); <u>Richardson v. McKnight</u>, 521 U.S. 399 (1997). Although plaintiff has a constitutional right to adequate medical care in prison, plaintiff has no constitutional right to Medicare while incarcerated. Furthermore, plaintiff <u>has not alleged</u> that Terrebonne Parish Criminal Justice Complex denied him adequate medical care during his incarceration.

Because plaintiff is ineligible to receive Medicare health insurance based on his failure to show entitlement to Social Security disability benefits for at least 24 months, and

because he alleges no violation of a specific constitutional right, plaintiff's claim for Medicare for himself and/or his children must be dismissed as legally frivolous and/or for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

IV.   COMPENSATION, WORK RELEASE AND TRANSFER TO HALFWAY HOUSE CLAIMS

Plaintiff claims that his injuries have denied him the rights to earn money while incarcerated, participate in work release programs and obtain transfer to a halfway house. Plaintiff has no constitutional rights to be compensated while in prison, to participate in a work release program or to be housed in any particular facility, such as a halfway house. Siebert v. Chandler, 586 F. App'x 188, 189 (5th Cir. 2014) (citing Olim v. Wakinekona, 461 U.S. 238, 244–45 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976); Yates v. Stalder, 217 F.3d 332, 334 (5th Cir. 2000)); Woods v. Edwards, 51 F.3d 577, 582 (5th Cir. 1995); Bitner v. Weber, 2015 WL 692964, at *5 (E.D. La. Jan. 23, 2015), report & recommendation adopted, 2015 WL 693015 (E.D. La. Feb. 18, 2015). Because Luke alleges no violation of a specific constitutional right, his claim for these benefits must be dismissed as legally frivolous and/or for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's Section 1983 complaint be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2) and

42 U.S.C. § 1997e(c)(1) as malicious, legally frivolous and/or for failure to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this __10th__ day of October, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen (14) days.